UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHELLE BISHOP on behalf of ) 
M. B., a minor, )
 )
              Plaintiff, )    Case No. 1:08-cv-799
 )
v. )    Honorable Paul L. Maloney
 )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )    **REPORT AND RECOMMENDATION**
              Defendant. )
_____ )

      This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review

of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to

child's supplemental security income (SSI) benefits. On November 8, 2004, Michelle Bishop filed

an application for benefits on behalf of her minor son, M. B. (A.R. 47-48).[1] Plaintiff's claim was

denied on initial review. (A.R. 26-30, 40-43). On November 19, 2007, plaintiff received a hearing

before an administrative law judge (ALJ) at which he was represented by counsel and during which

his mother testified. (A.R. 283-303). On November 29, 2007, the ALJ issued a decision finding that

plaintiff was not disabled. (A.R. 13-25). On August 6, 2008, the Appeals Council denied review

(A.R. 3-5), and the ALJ's decision became the Commissioner's final decision.

---

      [1]The term "plaintiff" is used in this report and recommendation to refer to the minor claimant, although technically the plaintiff is his next friend and mother, Michelle Bishop. Ms. Bishop's first name appears with alternate spellings: Michele and Michelle. The latter appears on the face of the application for SSI benefits (A.R. 47), and it will be used throughout this report and recommendation.

On August 22, 2008, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for child's SSI benefits. The two issues raised are as follows:

1. Is there substantial evidence to support the decision of the [C]ommissioner that the claimant did not have an extreme limitation in the ability to acquire and use information?

2. Is there substantial evidence to support the decision of the [C]ommissioner that the claimant has less than marked limitation in attending and completing tasks?

(Plf. Brief at 2, docket # 9). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see*

*McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Three-Step Analytical Framework

Under the Work Opportunity Act's standard,[2] a child seeking SSI benefits can establish disability only by showing that he suffers from a medically determinable physical or mental impairment which results in marked and severe functional limitations and lasts for a period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). "The thrust of the legislation was most certainly to tighten eligibility." *Encarnacion ex rel. v. Barnhardt*, 331 F.3d 78, 83 (2d Cir. 2003).

---

[2] Personal Responsibility & Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104-193, §§ 211-12, 100 Stat. 2105, 2188-94 (1996).

Under the current three-step analysis, the Commissioner must ask: (1) is the claimant engaged in substantial gainful activity?; (2) are the impairments severe?; and (3) do the impairments meet, medically equal, or functionally equal in severity a listed impairment and satisfy the durational requirements? *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); 20 C.F.R. § 416.924a. As a result of the Work Opportunity Act, a child claimant must meet or equal a listed impairment in order to qualify for SSI benefits. *See* 20 C.F.R. § 416.924a; *see also Encarnacion*, 331 F.3d at 84; *Miller v. Commissioner*, 37 F. App'x 146, 148 (6th Cir. 2002). "In order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing." *Elam*, 348 F.3d at 125. Coming close to meeting the requirements of a listed impairment "is insufficient." *Id.*

By regulation, the ALJ utilizes six domains of functioning to assist him in determining whether the combination of plaintiff's impairments meet or equal the severity of a listed impairment: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) the claimant's ability to care for himself; and (6) the claimant's health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Impairments must result in "marked" limitations in two domains or "extreme" limitations in one domain before they meet or equal a listed impairment's severity. 20 C.F.R. § 416.926a(d); *see Kelly v. Commissioner*, 314 F. App'x 827, 832 (6th Cir. 2009); *Encarnacion*, 331 F.3d at 85. A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). "'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard

-4-

deviations below the mean." *Id.*; *see Kelly*, 314 F. App'x at 832; *see also England v. Astrue*, 490 F.3d 1017, 1020 (8th Cir. 2007). An "extreme" limitation is more than a "marked" limitation. An "extreme" limitation is the rating given to the "worst limitations." 20 C.F.R. 416.926a(e)(3)(i). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.*; *see Kelly*, 314 F. App'x at 832.

## Discussion

The ALJ found that plaintiff was born on April 6, 1999. He was a preschooler on November 8, 2004, when his mother filed the application for SSI benefits. He was in second grade as of the date of the ALJ's decision. (A.R. 16). Plaintiff had not engaged in substantial gainful activity. (A.R. 16). The ALJ found that plaintiff had the following severe impairments: "speech and language delays, borderline intellectual functioning, and attention deficit hyperactivity disorder." (A.R. 16). He found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 17-19). The ALJ found that plaintiff had a "marked" limitation in the domain of acquiring and using information. (A.R. 20-21). Plaintiff was a recipient of special education speech and language services and was identified as having a learning disability in several areas of language arts. (A.R. 20). Plaintiff had a "less than marked" limitation in attending and completing tasks. (A.R. 20-21). The ALJ observed that plaintiff's records showed that although he continued to have some problems, since plaintiff began taking medication for ADHD he had "done better and his ability to focus on a preferred task ha[d]

greatly improved." (A.R. 21). Plaintiff did not dispute the ALJ's factual findings in the four remaining domains. Plaintiff had no limitation in interacting and relating with others (A.R. 21-22), no limitation in moving about and manipulating objects (A.R. 22), no limitation in caring for himself (A.R. 23), and a less than marked limitation in health and physical well-being (A.R. 24). Because plaintiff did not have an impairment or combination of impairments that resulted in either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning, the ALJ held that plaintiff was not disabled. (A.R. 13-25).

## 1.

Plaintiff argues that, "There is no substantial evidence to support the decision of the Commissioner[] finding that the claimant did not have an extreme limitation in the ability to acquire and use information." (Plf. Brief at 4). Plaintiff's brief never really engages the ALJ's administrative finding that he had a "marked" limitation in his ability to acquire and use information and the record evidence supporting it. Michelle Bishop testified that after plaintiff began taking medication, his problems with attention deficit hyperactivity disorder (ADHD) decreased. (A.R. 290-91, 301). School records reveal that plaintiff's "behavior and ability to focus on a preferred task ha[d] greatly improved" after plaintiff began taking medication for his ADHD. (A.R. 49). "After several weeks on medication for ADHD, M[. B.] has been observed to be [at] his desk and on task. He was able to be less distracted by others in the room." (A.R. 67). He showed, "major improvements in behavior and ability to attend to task since [he started taking] medication." (A.R. 73). The ALJ's finding that plaintiff had a "marked" limitation in his ability to acquire and use information is supported by more than substantial evidence.

Alternatively, plaintiff argues that the ALJ should have found that he had an extreme limitation during the closed period from the date his mother filed the application for SSI benefits and November 2006 when he began taking medication. (Plf. Brief at 4). Plaintiff's brief cites no legal authority supporting this argument. Issues raised in a perfunctory manner are deemed waived. *See Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007); *see also Allen v. Highland Hosp. Corp.*, 545 F.3d 387, 406 (6th Cir. 2008); *Anthony v. Astrue*, 266 F. App'x 451, 458 (6th Cir. 2008).

Assuming *arguendo* that the issue has not been waived, it is patently meritless. This approach would not be consistent with the requirements of 20 C.F.R. § 416.930(a). Further, even before plaintiff started taking medication, his test scores did not approach "at least three standard deviations below the mean" necessary to support an "extreme" limitation. 20 C.F.R. § 416.926a(e)(3)(i); *see Kelly*, 314 F. App'x at 832. On October 4, 2004, plaintiff took a Preschool Language Scale-4 (PLS-4) test which indicated that his receptive language skills were "between normal limits and 1 standard deviation below the mean for his age" and his expressive language skills were "1 standard deviation below the mean." (A.R. 189). The Goldman-Fristoe Test of Articulation-2 test administered on the same date yielded a test age equivalent of 5 years and 5 months, "within normal limits for his age." (A.R. 189). The Wechsler Intelligence Scale For Childern-IV (WISC-IV) that plaintiff took before he started taking Adderall produced a full scale IQ score of 79, placing him in the low average range of ability. (A.R. 68). Later, with his ADHD medication, plaintiff achieved a full scale IQ score of 100 on the Wechsler Abbreviated Intelligence Scale (WAIS) test, which placed him in the average range of functioning and was "believed to be a more accurate measure of his ability" than the WISC-IV test score. (A.R. 69). Further, the ALJ's finding of a "marked" restriction was consistent with the January and March 2005 opinions of the

state agency psychiatrist and psychologist. (A.R. 200-05). Plaintiffs' arguments do not provide a basis for disturbing the Commissioner's decision.

**2.**

Plaintiff argues that the Commissioner's factual finding that he had a "less than marked" limitation in the domain of attending and completing tasks is not supported by substantial evidence. (Plf. Brief at 5). The ALJ's factual finding for this domain is consistent with the opinions of the state agency psychiatrist and psychologist. (A.R. 202). The excerpts from Michelle Bishop's testimony and the November 15, 2006 teacher report emphasized by plaintiff (Plf. Brief at 6) (citing A.R. 64, 293, 296, and 297) do not suffice to carry plaintiff's burden. The question is not whether there is evidence in the record on which the ALJ might have reasonably reached a different conclusion, "but whether there was substantial evidence in the record to support the determination that he *did* reach." *Wells v. Commissioner*, No. 1:07-cv-666, 2008 WL 2783254, at *2 (W.D. Mich. July 17, 2008). Plaintiff's mother testified that her eight-year-old son would continue to try to fix a toy after she told him it was broken and that he could become frustrated when he was told that he had to do things in a sequence other than the one he wanted. (A.R. 293). She stated that a teacher had related that she had to remind plaintiff to wear his glasses and that plaintiff wanted all the chairs in the classroom arranged into specific groups before class started. (A.R. 296). Plaintiff would cry when his sister teased him or when his mother told him to do something. (A.R. 297-98). The ALJ had the opportunity to hear Michelle Bishop's testimony, make a determination regarding its credibility, and determine what weight, if any, to give it regarding the plaintiff's domain of attending and completing tasks. If anything, the November 2006 teacher report supports the ALJ's factual

finding. The teacher reported that plaintiff's behavior had "improved dramatically" since he started taking medication. (A.R. 64). It had calmed him down to a point where he could control his outbursts, noises and movements. He had been able to "focus, sit still, cooperate and learn." (A.R. 64). He was making progress, but still had a long way to go. His literacy remained below grade level. M. B. "still wants to do what he wants to do," but the teacher stated she could persuade him to perform his work assignments. (A.R. 64). She described plaintiff as being "calm and less impulsive" and "motivated to behave and do well." (A.R. 64). The ALJ's factual finding that plaintiff had a "less than marked" limitation in attending and completing tasks is supported by more than substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   September 2, 2009          /s/  Joseph G. Scoville
                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).